**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

JOHN DOE,

      Plaintiff,

v.                                        CASE NO. 1:11cv275-MP-GRJ

ONEBEACON AMERICA
INSURANCE COMPANY,

      Defendant.

_____/

## O R D E R

    This matter is before the court on defendant's Motion to Dismiss, or in the Alternative, Abate, Counts II, III, & IV of Plaintiff's Complaint. (Doc. 8). Plaintiff John Doe prevailed in a state court action and obtained a judgment against three parties (Insureds) who were insured by Defendant OneBeacon American Insurance Company (OneBeacon). The Insureds assigned to John Doe all rights and actions they had or might have against OneBeacon as a result of John Doe's state court action against them. In the instant case, John Doe asks the court for a declaratory judgment regarding OneBeacon's liability to the Insureds in relation to the state court action, and alleges breach of contract and bad faith. For the following reasons, the court abates Counts III, IV, and Count II insofar as they relate to alleged bad faith by OneBeacon.

    At all times relevant to the underlying state court action, OneBeacon, known previously as Commercial Union Insurance Company, was the insurer of the Roman Catholic Diocese of Savannah (the Diocese); Raymond W. Lessard, the former bishop of the Diocese; and Wayland Yoder Brown, a former employee of the Diocese. John Doe obtained substantial judgments against all three Insureds based on claims of sexual abuse on the part of Brown. OneBeacon originally provided the defense for Lessard and the Diocese, but, during the course of the litigation, disputes arose between OneBeacon and

partial

these two Insureds regarding OneBeacon's willingness to settle the claim.  As a result, Lessard and the Diocese rejected the defense provided by OneBeacon and assumed defense of the litigation.  John Doe subsequently obtained judgments against Lessard and the Diocese for $5,000,000 and against Brown for $50,000,000.  The Insureds assigned to John Doe all of their rights against OneBeacon relating to OneBeacon's handling of the litigation and its alleged failure to fulfill its contractual duties to the Insureds.

John Doe seeks to determine and enforce his rights against OneBeacon in the present action.  In Count I of his complaint, he asks for a declaratory judgment to determine and declare the rights of the Insureds and the obligations of OneBeacon under its insurance policies with the Insureds.  Count II alleges breach of contract by OneBeacon. Counts III and IV allege bad faith by OneBeacon toward the Insureds for, among other things, failure to consider settlement in good faith and to give due consideration to the interests of the Insureds.  OneBeacon has filed a motion to dismiss, or in the alternative, to abate, counts II, III and IV of John Doe's complaint on the grounds that these claims are not ripe.  John Doe has responded to the motion and argues that only counts III and IV should be abated.

When exercising jurisdiction on the basis of diversity, a federal court must apply the substantive law of the state in which it sits.  *See Erie R. Co. V. Tompkins*, 304 U.S. 64 (1938).  Florida law controls the present action.  In Florida, an action by an insured against an insurer for bad faith does not accrue until the underlying issues of coverage and liability have been resolved.  *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, 1291 (Fla. 1991); *Doan v. John Hancock Mut. Life Ins. Co.*, 727 So.2d 400, 402-403 (Fla. 3d Dist. Ct. App. 1999).  A predicate to bad faith is a finding that the insurance company is liable to an insured.  *Doan*, 727 So.2d at 402.  When an insured brings actions for both breach of contract and bad faith, the question is whether the bad faith claim should be dismissed or abated pending resolution of the contractual claim.  Florida law is unsettled as to this question, though in recent years Florida courts have moved toward "greater use of abatement as a mechanism for delaying the adjudication of matters that have not yet become ripe."  *O'Rourke v. Provident Life and Acc. Ins. Co.*, 48 F. Supp. 2d 1383, 1384

(S.D. Fla. 1999). (citing *Lexington Ins. Co. v. Royal Ins. Co. of America*, 886 F. Supp. 837 (N.D. Fla. 1995); *Doan*, 727 So. 2d; *Utah Home Fire Ins. Co. v. Navarro*, 642 So.2d 1200 (Fla. 3d Dist. Ct. App.1994)).  Abatement is often favored over dismissal as a means to advance judicial economy and preserve the private resources of the litigants.  *See id.* at 1385.

　　For these reasons, the court will abate John Doe's bad faith claims until the underlying question of OneBeacon's liability to the Insureds is resolved.  The parties are in agreement that Counts I (declaratory judgment) should go forward and that Counts III and IV (bad faith) should be abated, but there is some dispute as to the nature of Count II and whether it warrants abatement.  OneBeacon argues that Count II is essentially a bad faith claim and so should be abated along with Counts III and IV.

　　Count II sets forth a breach of contract claim alleging that OneBeacon wrongfully denied coverage to the Insureds and failed to act in good faith by unreasonably refusing to participate in meaningful settlement negotiations with John Doe.  Including a bad faith claim within a breach of contract claim is not inconsistent since, as noted by OneBeacon, a claim of bad faith "is one for breach of a contractual obligation implied in law, namely good faith."  *North American Van Lines, Inc. v. Lexington Ins. Co.*, 678 So. 2d 1325, 1330 (Fla. 4th Dist. Ct. App. 1996).  However, Florida law is clear that "a cause of action for bad faith refusal to settle does not accrue until the insured has demonstrated a breach" of the express promise to insure made by the insurer.  *O'Rourke*, 48 F. Supp.at 1384.  Insofar as Count II addresses this underlying breach, it is ripe for consideration.

　　For these reasons, Claim II is abated insofar as it alleges bad faith, and Claims III and IV are abated, all pending resolution of Claim I and the underlying breach of contract alleged in Claim II.

　　Accordingly:

　　1.　　Defendant's motion to dismiss, or in the alternative, abate, counts II, III, & IV of plaintiff's complaint (doc. 8) is GRANTED in part and DENIED in part.

　　2.　　Claim II is ABATED insofar as it alleges bad faith on the part of OneBeacon, pending resolution of Claim I and the underlying breach of contract alleged in Claim II.

3.      Claims III and IV are ABATED pending resolution of Claim I and the underlying breach of contract alleged in Claim II.

**DONE and ORDERED** this 8th day of May, 2012.


s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**