IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN DOE,

    Plaintiff,

v.                                                   CASE NO. 1:11-cv-275-MP-GRJ

ONEBEACON AMERICA INSURANCE
COMPANY f/k/a COMMERCIAL UNION
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This matter is before the Court on Defendant Onebeacon America Insurance Company's Motion for Protective Order, Plaintiff John Doe's Motion to Extend Time for Expert Witness Disclosures, and Plaintiff John Doe's Motion to Compel Discovery. (Docs. 28, 30, 37.) The Court conducted a hearing to address these motions on October 18, 2012. For the reasons discussed at the hearing, which are incorporated into this order, and as summarized below, Plaintiff's Motion to Extend Time is due to be granted. Defendant's Motion for Protective Order and Plaintiff's Motion to Compel will be addressed by a subsequent Order.

Plaintiff requests that the Court extend the expert disclosure deadline, currently set for September 1, 2012. Plaintiff requests that the Court set the expert disclosure deadline for thirty days following the resolution of the discovery issues raised in Defendant's Motion for Protective Order and Plaintiff's Motion to Compel. Based on the representations in Plaintiff's Motion to Extend Time and at the hearing, the Court finds that Plaintiff has shown good cause for an extension of time, and that this motion is due to be granted. This ruling should not, however, be construed as a determination of

whether expert testimony will ultimately be deemed admissible in this case.

Defendant's Motion for Protective Order sought to prevent Plaintiff from obtaining documents from Gerald Weedon and Joseph Brennan, attorneys for the defendants in the underlying state-court litigation. (Doc. 28.) Defendants objected to production of these documents on the grounds of relevance, attorney-client privilege, and work product privilege. At the hearing on October 18, 2012, Plaintiff's counsel stated that Mr. Weedon and Mr. Brennan had, in fact, already produced documents responsive to the subpoenas, as well as a privilege log. At the time of the hearing, Plaintiff's counsel had not examined the documents or the privilege log, and was holding the documents under seal pending the Court's ruling on the discovery motions. Defendant's counsel likewise had not examined the documents.

Because an examination of the responsive documents and privilege log will clarify the issues presented in both the Motion for Protective Order and Plaintiff's Motion to Compel, the Court will direct Plaintiff to provide the documents to Defendant's counsel for examination. After Defendant's counsel has had an opportunity to examine the documents, he shall submit a report to the Court indicating whether there are any remaining objections—to the produced documents or to the documents listed on the privilege log—on the grounds of attorney-client or work product privilege. Any such filing shall not be construed as waiving objections based on relevance. The Court will rule on Defendant's Motion for Protective Order and Plaintiff's Motion to Compel after this report is received.

Accordingly, it is **ORDERED:**

1. Plaintiff John Doe's Motion to Extend Time for Expert Witness Disclosures, Doc. 30, is **GRANTED.** The deadline for expert witness disclosures is extended to thirty days following the resolution of Defendant's Motion for Protective Order and Plaintiff's Motion to Compel.

2. Plaintiff's counsel must provide copies of all documents produced by Mr. Brennan and Mr. Wheedon to Defendant's counsel. Plaintiff's counsel must also provide Defendant's counsel with a copy of the privilege log submitted by Mr. Brennan and Mr. Wheedon. After reviewing the documents and privilege log, Defendant must submit a report to the Court indicating whether there are any remaining objections, to the documents produced or the documents withheld based on privilege. This report must be submitted within **10 days** of receipt by Defendant's counsel of the produced documents.

3. Defendant's Motion for Protective Order, Doc. 28, and Plaintiff's Motion to Compel Discovery, Doc. 37, will be ruled upon following receipt of the report described above.

**DONE AND ORDERED** this 19th day of October 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge